# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOE GLENN MANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 19-2343-JDT-cgc |
| | ) |
| FAYETTE COUNTY JUSTICE | ) |
| CENTER, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ORDER DIRECTING PLAINTIFF TO FILE A NON-PRISONER
## *IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE $400 CIVIL FILING FEE

On May 29, 2019, Plaintiff Joe Glenn Manley, who was incarcerated at the Fayette County Justice Center (Jail) in Somerville, Tennessee at the time, filed a *pro se* civil complaint. (ECF No. 1.) However, Manley neglected to pay the civil filing fee or submit an application to proceed *in forma pauperis*. The Court issued an order on May 30, 2019, directing Manley to submit either the entire filing fee or an *in forma pauperis* affidavit and a copy of his inmate trust account statement for the last six months, in accordance with the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 3.)

The Clerk received a letter from Manley on June 21, 2019, in which he stated he had attempted to obtain a copy of his trust account statement from Jail officials but had so far been unsuccessful. (ECF No. 4.) He requested an extension of time to pay the filing fee and a payment plan. (*Id.* at PageID 20). Manley also advised that he was scheduled to

be released on June 22, 2019, and provided a new address. (*Id.* at PageID 21.) A second notice was received on June 24, 2019, in which he reiterated his requests for an extension and a payment plan and confirmed the new address. (ECF No. 5.)

Under the PLRA, a prisoner bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a). However, in this case, the filing fee was not assessed under the PLRA before Manley was released because he has not yet filed an application to proceed *in forma pauperis*. Under these circumstances, "the obligation to pay the . . . fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

The Court will allow Manley another opportunity to establish that he is indigent and cannot afford to pay the filing fee. Therefore, he is ORDERED to submit to the Court, on or before July 16, 2019, either a properly completed and signed non-prisoner *in forma pauperis* affidavit or the entire $400 civil filing fee. The Clerk shall mail Manley a copy of the non-prisoner *in forma pauperis* affidavit form along with this order.

Failure to comply with this order in a timely manner will result in the dismissal of this action without further notice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE