# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

JOE GLENN MANLEY,  )
                                     )
      Plaintiff,  )
                                     )
                                     )
VS.  )         No. 19-2343-JDT-cgc
                                     )
                                     )
FAYETTE COUNTY JUSTICE  )
CENTER, ET AL.,  )
                                     )
      Defendants.  )
                                     )

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On May 29, 2019, Plaintiff Joe Glenn Manley, who at the time was an inmate at the Fayette County Justice Complex (FCJC) in Somerville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court issued an order on May 30, 2019, directing Manley to either pay the entire civil filing fee or submit an *in forma pauperis* affidavit and a copy of his inmate trust account statement in accordance with the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 3.) However, before complying with that order, Manley notified the Court he was being released from the FCJC. (ECF Nos. 4 & 5.) The Court therefore directed Manley to submit either the filing fee or a non-prisoner *in forma pauperis* affidavit. (ECF No. 6.) Manley filed the appropriate affidavit on July 1, 2019, (ECF No. 9), and the Court granted leave to proceed *in forma*

*pauperis*, (ECF No. 10).[1]  The Clerk shall record the Defendants as Fayette County[2] and Quality Correctional Health Care (QCHC).

Manley alleges that he was incarcerated at the FCJC beginning in December 2018 after being discharged from a hospital against a doctor's advice.  (ECF No. 1 at PageID 2.) He alleges that he has "severe medical issues and now mental issues also."  (*Id.*)  He alleges that an unnamed nurse or doctor at the FCJC misdiagnosed him after receiving documents from the hospital.  (*Id.*)  As a result, he allegedly was "mistreated and abused [and] left with some crippling pains due to negligence of proper medical treatment."  (*Id.*)  He asserts that unnamed medical staff refused to provide him with "the proper treatment at a hospital." (*Id.*)

Manley attached to his complaint a letter with additional detail about his confinement at the FCJC.  (ECF No. 1-1.)  He alleges that he "was constantly begging for medical assistance" while at the FCJC.  (*Id.* at PageID 5.)  He alleges that Nurse Amy Franks, who is not listed as a Defendant, diagnosed him with osteoarthritis without touching Manley or checking his vitals.  (*Id.*)  She prescribed Manley Mobic (generic Meloxicam)[3] for pain, but Manley alleges he remained in "severe pain."  (*Id.*)

--------

[1] Manley subsequently submitted another application for leave to proceed *in forma pauperis*, (ECF No. 11), which is DENIED as moot.

[2] Manley sues the FCJC.  However, the FCJC is not an entity subject to suit under § 1983.  *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).  The claims against the FCJC are construed as claims against Fayette County.

[3] *See* www.webmd.com/drugs/2/drug-911/meloxicam-oral/details.

Manley alleges that his fiancée called Fayette County Sheriff Bobby Riles, who is not listed as a defendant, but "[t]he call did not go well." (*Id.*) Manley was then sent to segregation for "medical observation" by FCJC Chief Deputy Dollahite, Chief Jail Administrator Francis Turner, Lieutenant Bailey, or Lieutenant White, none of whom are listed as defendants in the complaint. (*Id.*)

Manley later saw Nurse Franks for additional treatment, who allegedly told him that he needed surgery but that she could not refer him to a hospital. (*Id.*) Instead, Franks prescribed a high dosage of Meloxicam and a steroid pack and told Manley to apply heat to his sore areas and to ambulate. (*Id.* at PageID 6.) Manley says that, despite the high dose of medication, he remains in severe pain "almost to the point of mental anguish." (*Id.*)

Manley asserts that Sheriff Riles placed him in segregation as retaliation.[4] (*Id.* at PageID 6-7.) He alleges that his phone use, church services, access to the kiosk machine, bunk, and privacy have been limited or taken from him in segregation. (*Id.* at PageID 7.) He alleges in passing that unnamed correctional officers have opened his legal mail. (*Id.*) He also alleges that he remained in segregation despite committing no disciplinary infractions. (*Id.* at PageID 8.)

Manley seeks "proper medical treatment from proffesional [sic] Hospitals and doctors for physical and mental issues" and wants FCJC or QCHC to pay for the treatment. (ECF No. 1 at PageID 3.) He also seeks damages. (*Id.*)

---

[4] Although Manley does not specify the actions for which Sheriff Riles allegedly retaliated, the Court presumes that Manley believes Riles retaliated against him because of the phone call from Manley's fiancée.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Manley filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Manley does not state a claim against Fayette County. When a § 1983 claim is made against a municipality or county, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S.

5

658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Manley does not allege that his inadequate medical treatment or abuse are because of an unconstitutional policy or custom of Fayette County. He instead attributes his mistreatment to certain individuals who work at or for the FCJC. He therefore fails to state a claim against Fayette County.

Manley similarly fails to state a claim against QCHC. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations

that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against QCHC, Manley "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). However, Manley has not alleged that a policy or custom of QCHC was the "moving force" behind the alleged violations of his constitutional rights.

In the letter attached to his complaint, Manley alleges that various FCJC personnel have violated his constitutional rights by providing inadequate medical treatment, placing him in segregation without cause, opening his legal mail, and retaliating against him. These allegations may state a valid claim under § 1983. However, Manley does not list any of these individuals as defendants or seek relief against them. It is therefore not clear from his letter which of these individuals he wishes to sue, if any. The Court will therefore allow Manley to amend his complaint to name the person or persons he wishes to sue, plead facts describing how they deprived him of a constitutional right, and amend his request for relief. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").

In conclusion, the Court DISMISSES Manley's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

1915A(b)(1).  Leave to amend, however, is GRANTED.  Any amendment must be filed within twenty-one days after the date of this order, on or before **November 18, 2019**.

Manley is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings.  The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each defendant sued in that count.  If Manley fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE