UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOE GLENN MANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 19-2343-JDT-cgc |
| ) | |
| FAYETTE COUNTY, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER TO MODIFY THE DOCKET AND DENYING
PLAINTIFF'S MOTION TO RECONSIDER AND AMEND COMPLAINT

Plaintiff Joe Glenn Manley filed the *pro se* civil complaint in this case on May 29, 2019. (ECF No. 1.) Manley was incarcerated at the Fayette County Justice Center (FCJC) in Somerville, Tennessee at the time, but he was released shortly thereafter. After Manley filed the appropriate affidavit form, the Court granted leave to proceed *in forma pauperis*. (ECF No. 10.) On October 28, 2019, the Court dismissed the complaint for failure to state a claim but granted leave to file an amended complaint within 21 days. (ECF No. 12.) He was warned that failure to file an amendment would result in the entry of judgment. (*Id.* at PageID 56.) Manley did not file an amended complaint or request an extension of time to do so, and the Court dismissed this case in its entirety on November 26, 2019. (ECF No. 13.) Judgment was entered on December 2, 2019. (ECF No. 14.)

More than eight months later, on August 24, 2020, the Clerk received several documents from Manley, which have been docketed as a motion to reconsider the dismissal of this case and

to amend.  One of the documents is a copy of the original complaint.  (ECF No. 15.)[1]  In the accompanying cover letter, Manley first references this case and states:  I'm requesting and pleading for an 'Appeals Form' or whatever 'forms' I need to continue my case in 'pro se' and 'in forma pauperis.'"  (ECF No. 15-1 at PageID 62.)  Manley indicates he is once again incarcerated at the FCJC[2] and has "been unable to continue my case freely."  (*Id.*)  He states that he has a retained attorney, presumably to represent him in his criminal proceeding, but has been "unable to notify [counsel] of the harsh conditions I'm under here and the Covid-19 virus that this facility is using for an excuse to treat me as they are doing—as in the past!"  (*Id.* at PageID 62-63.)  Manley requests help "with whatever forms I need to keep this case on going" and states he is afraid that mail he sends to his attorney is being intercepted and shredded.  (*Id.* at PageID 63.)  Manley also states, "please refile this suit."  (ECF No. 15-2 at PageID 64.)

The Court construes Manley's documents as a motion to reconsider or for relief from the order of dismissal and judgment pursuant to Federal Rule of Civil Procedure 60(b).  Pursuant to Rule 60(b), the Court is authorized to grant relief "from a final judgment, order, or proceeding" for any of these reasons:

> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)  fraud . . . , misrepresentation, or misconduct by an opposing party;

---

[1] Manley also submitted a second complaint naming different individuals as defendants, (ECF No. 16-3), which has been opened as a new case.  The Court will issue a separate order addressing that filing.

[2] The Clerk is directed to MODIFY the docket to update Manley's address in this case to the Fayette County Justice Complex, P.O. Box 219, Somerville, TN 38068, and to send a copy of this order to him at that updated address.  (*See* ECF No. 15-1 at PageID 63 & ECF No. 15-2 at PageID 64.)

   (4) the judgment is void;

   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   (6) any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). It is not intended to allow relief from judgment merely because a litigant is unhappy with the outcome, *see Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001), and "parties may not use a Rule 60(b) motion as a substitute for an appeal." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). For that reason, "the party seeking relief under Rule [60(b)] bears the burden of showing entitlement to such relief by clear and convincing evidence." *Thurmond v. Wayne Cnty. Sheriff Dep't*, 564 F. App'x 823, 827 (6th Cir. 2014) (citing *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)); *see also JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 585 (6th Cir. 2014).

  Manley has not shown that his request to re-open this case falls within any of the subsections of Rule 60(b). The only reason given for re-opening the matter is the bare statement that he was unable to continue with it "freely" due to his re-incarceration and because the Fayette County Sheriff's Department knew about the case. However, Manley advised the Court when he was released from the FCJC in June 2019 and gave an address on Highway 64 in Somerville where he wanted his mail sent to an individual identified as his power of attorney. (ECF Nos. 7 & 11-1.) There is nothing in the record to show that Manley was again at the FCJC when the complaint was dismissed with leave to amend on October 28, 2019. (ECF No. 12.) That order, which was sent

3

to the Somerville address provided, was not returned to the Clerk as undeliverable.[3]  Moreover, even if Manley was incarcerated at the time of the October 28th order, the unexplained assertion that he could not continue with the case freely is insufficient to warrant relief under Rule 60(b).

This dismissed action cannot simply be re-opened or the complaint amended merely upon Manley's request.  He was given an opportunity to file an amended complaint when the original complaint was dismissed.  Yet he failed to do so, and that choice resulted in dismissal of the entire case.  The fact that he now may regret not filing an amended complaint when he had the chance is not enough to justify allowing Manley to re-open this case and amend his complaint eight months later.  The motion for relief from judgment and to amend is, therefore, DENIED.

As stated, *supra*, Manley has requested an "appeals form."  (ECF No. 15-1 at PageID 62.)  The Clerk shall provide him with a blank notice of appeal and a copy of the prisoner *in forma pauperis* affidavit form along with this order.  Nevertheless, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Manley would not be taken in good faith.

If he chooses to file a notice of appeal anyway, Manley must submit either the entire $550 appellate filing fee or both a properly completed and signed *in forma pauperis* affidavit and a copy of his inmate trust account statement for the last six months.  *See* 28 U.S.C. §§ 1915(a)-(b).

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE

---

[3] Likewise, neither the November 26th order dismissing the case in its entirety nor the December 2nd judgment were returned undeliverable.